

1  PHILLIP A. TALBERT
   United States Attorney
2  OWEN ROTH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7
                              **REDACTED**
8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11 IN THE MATTER OF THE APPLICATION           CASE NO. 2:17-SW-.600   KJN
   OF THE UNITED STATES OF AMERICA
12 FOR AN ORDER AUTHORIZING THE
   INSTALLATION AND USE OF PEN                [PROPOSED] ORDER
13 REGISTERS AND TRAP AND TRACE
   DEVICES FOR CELLULAR TELEPHONE
14 ASSIGNED THE FOLLOWING CALL                **UNDER SEAL**
   NUMBERS:
15
        ▓▓▓94
16      ▓▓▓89
        ▓▓▓01
17      ▓▓▓80
        ▓▓▓21
18      ▓▓▓54

19

20                              **ORDER**

21     Owen Roth, on behalf of the United States, has submitted an application pursuant to

22 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and

23 use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone numbers described

24 in Attachment A, which is incorporated into this Order by reference.

25     The Court finds that an attorney for the Government has submitted the application and has

26 certified that the information likely to be obtained by such installation and use is relevant to an ongoing

27 criminal investigation being conducted by the FBI of known and unknown individuals in connection

28 with possible violations of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1    IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that FBI may install and use
2 pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling
3 information associated with each communication to or from the cell phone numbers described in
4 Attachment A, including the date, time, and duration of the communication, and the following, without
5 geographic limit:

6   - IP addresses associated with the cell phone device or devices used to send or receive
7     electronic communications
8   - Any unique identifiers associated with the cell phone device or devices used to make and
9     receive calls with cell phone number described in Attachment A, or to send or receive
10    other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM,
11    MSISDN, or MIN
12  - IP addresses of any websites or other servers to which the cell phone device or devices
13    connected
14  - Source and destination telephone numbers and email addresses

15   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of
16 the foregoing is authorized for sixty days from the date of this Order;
17   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that ▓
18 ▓ and any other person or entity providing wire or electronic communication service in the United
19 States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order
20 shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to
21 install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively
22 and with minimum disruption of normal service;
23   IT IS FURTHER ORDERED that the FBI reasonably compensate ▓ and any other
24 person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in
25 complying with this Order;
26   IT IS FURTHER ORDERED that ▓ and any other person or entity whose assistance may
27 facilitate execution of this Order notify the applicant and the FBI of any changes relating to the cell
28 phone numbers described in Attachment A, including changes to subscriber information, and to provide

ORDER                                    2

1 | prior notice to the FBI before terminating or changing service to the cell phone numbers;

2 | IT IS FURTHER ORDERED that the FBI and the applicant have access to the information
3 | collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other
4 | times as may be acceptable to the FBI, for the duration of the Order;

5 | IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that ▓▓▓ and any other
6 | person or entity whose assistance facilitates execution of this Order, and their agents and employees,
7 | shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the
8 | application and this Order, the pen-trap devices, or the investigation to any person, unless and until
9 | otherwise ordered by the Court, except that ▓▓▓ may disclose this Order to an attorney for ▓▓▓
10 | ▓▓▓ for the purpose of receiving legal advice;

11 | IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States
12 | Attorney's Office with three certified copies of this application and Order, and shall provide copies of
13 | this Order to the FBI and ▓▓▓ upon request;

14 | IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise
15 | ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

17 | Dated: July 7, 2017

Hon. Kendall J. Newman
U.S. MAGISTRATE JUDGE

## ATTACHMENT A



| Facility | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| ▓94 | N/A | N/A | N/A |
| ▓89 | N/A | N/A | N/A |
| ▓01 | N/A | N/A | N/A |
| ▓80 | N/A | N/A | N/A |
| ▓21 | N/A | N/A | N/A |
| ▓54 | N/A | N/A | N/A |

ATTACHMENT A TO ORDER